IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01486-PAB-SBP

EASY SOURCING, INC.,

    Plaintiff,

v.

SCHILLER GROUNDS CARE, INC.,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion to Dismiss [Docket No. 8] of defendant Schiller Grounds Care, Inc. ("Schiller"). Plaintiff Easy Sourcing, Inc. ("Easy Sourcing") did not file a response.

**I.  BACKGROUND**

This case arises out of a contract dispute in which Easy Sourcing alleges that Schiller failed to make payments on a series of purchase orders placed by Schiller with Easy Sourcing.  Docket No. 1 at 1, 5, 9, ¶¶ 1, 22, 42.  Schiller is a Pennsylvania corporation, with a principal place of business in Pennsylvania.  *Id.* at 2, ¶ 8; Docket No. 8 at 2.  Schiller manufactures garden care equipment, which it sells to consumers in all fifty states.  *Id.* at 2, 4, ¶¶ 8, 13.  Easy Sourcing is a Colorado-based corporation that specializes in the development, sourcing, and shipping of industrial component parts from China to the United States.  Docket No. 1 at 4, ¶ 12.  Schiller has contracted with Easy Sourcing since 1997 to help it source component parts from China for its products.

*Id.*, ¶ 14.  In each instance, Schiller sends Easy Sourcing a written purchase order specifying the type, quantity, and price of the parts Schiller hopes to acquire.  *Id.*, ¶ 16.  Easy Sourcing then finds a Chinese supplier and manages the shipment of the Chinese products to Schiller's Pennsylvania warehouse.  *Id.* at 5, ¶¶ 17, 19, 21; Docket No. 8 at 2.  Between July 2021 and October 2022, Schiller placed a series of purchase orders with Easy Sourcing, totaling $746,875.98.  Docket No. 1 at 5, 9, ¶¶ 22, 39.  Schiller accepted delivery of these products but failed to pay for them.  *Id.* at 9, ¶ 42.  Easy Sourcing also retains $195,374.60 worth of products that were specifically built for Schiller, but are undelivered.  *Id.*, ¶ 44.

Easy Sourcing asserts three claims for relief: a claim for breach of contract based on the purchase orders, a claim for promissory estoppel based on the promises made by Schiller representatives, and an unjust enrichment claim for the products delivered but unpaid for by Schiller.  *Id.* at 10–13, ¶¶ 47–70.  Schiller contends that the Court should dismiss this case because the Court lacks personal jurisdiction over it.  Docket No. 8 at 1.  Alternatively, Schiller argues that Easy Sourcing's claims for promissory estoppel and unjust enrichment should be dismissed as subsumed by the breach of contract claim.  *Id.* at 19.

II.  **LEGAL STANDARD**

The Tenth Circuit has noted that the extent of a plaintiff's burden to establish personal jurisdiction and the scope of a court's review "depend in part on the nature of the district court's response to defendants' motion seeking dismissal for lack of personal jurisdiction."  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008).  "A district court has discretion to resolve such a motion in a variety of ways

– including by reference to the complaint and affidavits, a pre-trial evidentiary hearing, or sometimes at trial itself." *Id.* Here, neither party requests an evidentiary hearing; however, Easy Sourcing has attached a declaration by its owner, Jian Lou, to its complaint, Docket No. 1-2, and Schiller attaches an affidavit by Jeffrey Perelman, Docket No. 8-1, in support of its motion to dismiss. The Court therefore will exercise its discretion to resolve the motion based on the documents that the parties submitted. This decision dictates the standard of review applied. *See Dudnikov*, 514 F.3d at 1070. "When, as here, personal jurisdiction is reviewed on the basis of the complaint and affidavits," the Court "tak[es] as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiffs' complaint." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–62 (2007)). "Similarly, any factual disputes in the parties' affidavits must be resolved in plaintiffs' favor." *Id.* (citing *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992)). However, "the court also should accept as true those facts presented in defendant's affidavits or exhibits that remain unrefuted by plaintiff." *N.E.L. v. Douglas Cnty., Colo.*, No. 15-cv-02847-REB-CBS, 2017 WL 1242992, at *14 (D. Colo. Jan. 27, 2017) (citing *Glass v. Kemper Corp.*, 930 F. Supp. 332, 337 (N.D. Ill. 1996)).

"Where a defendant is moving to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a cognizable claim for relief, the court should first address the challenge to personal jurisdiction." *N.E.L.*, 2017 WL 1242992, at *14; *see also Omi Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). The plaintiff bears the burden of establishing personal jurisdiction over a non-resident defendant. *See Wenz*

v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). "In the preliminary stages of litigation, Plaintiff's burden is light." *Walker v. Wegener*, No. 11–cv–3238–PAB–KMT, 2012 WL 1020673, at *3 (D. Colo. Mar. 2, 2012).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Intercon, Inc. v. Bell Atl. Internet Sols.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (citation omitted). Because Colorado's long-arm statute permits the exercise of jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Colorado law "collapses into the single due process inquiry." *Id.* (citation omitted); *Hood v. Am. Auto Care*, LLC, 21 F.4th 1216, 1220 (10th Cir. 2021); *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Courts may exercise either general or specific jurisdiction over a defendant. For corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). "A court may [also] assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (quoting *Goodyear*, 564

4


U.S. at 919). Mere continuous and systematic business contacts with the forum are insufficient; the affiliations with the state must be so continuous and systematic as to render the corporation essentially at home in the forum state. *Id*. at 139.

"Specific jurisdiction . . . is premised on something of a *quid pro quo*: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov*, 514 F.3d at 1078. Courts typically make three inquiries to determine if a state's exercise of sovereignty over a defendant can be described as fair and just for specific jurisdiction: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013). "[W]here, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a *prima facie* showing." *Sharpshooter Spectrum Venture, LLC v. Consentino*, No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

The Court considers several factors when analyzing whether exercising jurisdiction would offend notions of fair play and substantial justice, including: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *see also Hood*, 21 F.4th at 1224 ("[T]he forum State can exercise personal jurisdiction over an out-of-state defendant that has injured a resident plaintiff in the forum State if (1) the defendant has purposefully directed activity to market a product or service at residents of the forum State and (2) the plaintiff's claim arises from essentially the same type of activity, even if the activity that gave rise to the claim was not directed at forum residents.").

### III.   ANALYSIS

Easy Sourcing asserts that this Court has personal jurisdiction over Schiller "because Schiller transacted business within the State of Colorado." Docket No. 1 at 3, ¶ 10. Specifically, Easy Sourcing relies on the fact that Schiller entered into a series of contracts with Easy Sourcing, communicated with Easy Sourcing, and made payments to Easy Sourcing. *Id.* Easy Sourcing argues that, because Easy Sourcing's operations are in Colorado, these actions are sufficient to show that Schiller purposefully directed its business activities to Colorado and availed itself of the privilege of conducting business in Colorado. *Id.* Schiller responds that these actions are not sufficient to support the Court exercising personal jurisdiction over it. *See* Docket No. 8.

Schiller is a company headquartered in Pennsylvania and incorporated under Pennsylvania law. Docket No. 1 at 2, ¶ 8. Schiller contends that it is not subject to general jurisdiction in Colorado because it is not "at home" in the state. Docket No. 8 at 5. Easy Sourcing's assertion of personal jurisdiction does not appear to claim general jurisdiction, given that it focuses on Schiller's directed activities in Colorado. *See* Docket No. 1 at 3, ¶ 10. Easy Sourcing's complaint fails to allege contacts that Schiller has with Colorado that are "so continuous and systematic" as to render it at home here.

6

*Old Republic Ins. Co.*, 877 F.3d at 904 (quotation and citations omitted); *Daimler*, 571 U.S. at 137 (a corporation's "place of incorporation and principal place of business are paradigm bases for general jurisdiction" (citation, alternations, and quotation omitted)). As such, the Court finds that Schiller is not subject to general jurisdiction in Colorado.

Easy Sourcing's assertion that the Court has jurisdiction over Schiller appears to focus on specific personal jurisdiction. *See* Docket No. 1 at 3, ¶ 10. Easy Sourcing relies on the business relationship formed by the purchase orders between Schiller and Easy Sourcing. *Id.* The complaint indicates that Schiller distributes products to all fifty states, including Colorado. *Id.* at 2, ¶ 8. Schiller admits this fact. Docket No. 8 at 2, 3. However, for specific personal jurisdiction, the mere sale of products in the forum state is insufficient. To support specific personal jurisdiction, the litigation must arise out of the defendant's directed business activities in the state. *Monge v. RG Petro-Mach. (Grp.) Co. Ltd.*, 701 F.3d 598, 613–14 (10th Cir. 2012) (citations omitted). Here, the litigation arises from disputes over purchase orders for manufacturing parts generally and is not focused on the sale of garden equipment in Colorado. Therefore, Schiller's nationwide sale of lawn care supplies cannot support specific personal jurisdiction in Colorado.

The fact that Easy Sourcing is a Colorado company and a party to the purchasing orders is likewise insufficient for the Court to assert personal jurisdiction over Schiller. *Burger King*, 471 U.S. at 478 (noting that an individual's contract with an out-of-state party cannot automatically establish sufficient minimum contacts in that party's home forum). Courts in this district have held similarly. *See, e.g., SGI Air Holdings II LLC. v. Novartis Int'l, AG*, 192 F. Supp. 2d 1195, 1202 (D. Colo. 2002)

("Jurisdiction is not proper in Colorado merely because one of the parties to the contract [is] a Colorado resident." (quoting *Ruggieri v. General Well Serv., Inc.*, 535 F. Supp. 525, 535 (D. Colo. 1982))). However, a contract may establish sufficient minimum contacts with the forum state where it has a "substantial connection" with that forum state. *See TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1288 (10th Cir. 2007); *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957).

The Supreme Court has explained that "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities." *Burger King,* 471 U.S. at 473 (quotation and citation omitted). To determine whether a nonresident defendant has purposefully established minimum contacts with the forum state by contracting with another party, a court looks to "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id.* at 479; *see also Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). In *Burger King*, the Supreme Court considered the fact that the defendant "entered into a carefully structured 20-year relationship that envisioned continuing and wide-reaching contacts" with the plaintiff in Florida in determining that the defendant was subject to personal jurisdiction in Florida. *Burger King,* 471 U.S. at 480. The Court also weighed the fact that the underlying contracts stipulated that disputes would be governed by Florida law in favor of personal jurisdiction in Florida. *Id.* at 481. Recently, the Supreme Court has considered whether the defendant company has registered to do business in the forum state and whether the law of that forum requires accepting personal jurisdiction. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S.

8

122, 146 (2023).

Here, Easy Sourcing's complaint asserts that it and Schiller have conducted business together since 1997. Docket No. 1 at 4, ¶ 14. The complaint evidences frequent business dealings between the companies, including ten purchase orders between August 2021 and August 2022. *Id.* at 8, ¶ 39. It also demonstrates Schiller's intent to have a continuing relationship with Easy Sourcing through Schiller's repeated commitment to pay its debts and make future payments on time. *Id.* at 7, 9, ¶¶ 27, 33, 41.

However, each purchase order is distinct and requires Easy Sourcing to supply the specified products in quantities and at prices requested by Schiller. *Id.* at 4, ¶ 16; *see* Docket No. 1-3. Although the parties' course of dealing demonstrates a continuing relationship, the contracts do not evidence the kind of perpetual and integrated relationship typified by the franchise agreement in *Burger King*. *See* Docket No. 1-3. Furthermore, the purchase orders state that Pennsylvania law, not Colorado law, shall govern their operation. *Id.* at 6. Schiller is not registered with the Colorado Secretary of State to conduct business in the state, nor does it have any offices or agents in the state. Docket No. 8-1 at 1–2, ¶¶ 8, 10. Finally, the products in these purchase orders are shipped directly from China to Pennsylvania and do not pass through Colorado. Docket No. 1 at 5, ¶¶ 17, 19, 21; Docket No. 8 at 2. Schiller's only connection to Colorado is the fact that Easy Sourcing conducts administrative oversight for products shipped from China to Pennsylvania in Colorado, which it likely could do from any state. Such incidental connections are insufficient to establish jurisdiction. *Dental Dynamics, LLC v. Jolly Dental Grp.*, LLC, 946 F.3d 1223, 1232 (10th Cir. 2020) ("The [defective] X-

9

Ray unit never passed through Oklahoma and the only effects felt in Oklahoma arose from the incidental fact that the broker—Dental Dynamics—was located there. Such incidental connections are insufficient to establish personal jurisdiction."). Taken together, the Court finds that Easy Sourcing has failed to establish that the Court has either general or specific personal jurisdiction over Schiller. *Wenz*, 55 F.3d at 1505. Given that the defendant is not subject to the Court's jurisdiction, it is unnecessary to consider Schiller's other arguments for dismissal under Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Defendant's Motion to Dismiss [Docket No. 8] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED without prejudice.** It is further

**ORDERED** that plaintiff's Motion to Ascertain Status of Ruling on Defendant's Motion to Dismiss [Docket No. 22] is **DENIED as moot**. It is further

**ORDERED** that this case is closed.

DATED March 12, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge